UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

UNITED STATES OF AMERICA,                    :

                                             :

                                             :       **MEMORANDUM and ORDER**
        v.                                   :       20-CR-293 (WFK)

                                             :

DAVON BROWN, *et al.*,                       :

                                             :

                                             :

                Defendants.                  :
-------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

Before the Court is the Government's motion in limine to admit certain testimonial evidence
from a law enforcement witness and Defendant Bailey's motion for a *Simmons* Hearing.  For the
reasons set forth below, the Court GRANTS the Government's motion and DENIES Defendant
Bailey's motion for a hearing.

## BACKGROUND

Trial in this case will commence on October 17, 2022.  On September 21, 2022, the

Government submitted a supplemental motion in limine regarding the proposed admission of

certain testimony by a law enforcement witness. Gov't Mot. at 1, ECF No. 356.  The

Government claims it first learned of the testimony in question on September 16, 2022, during a

pre-trial meeting with the witness, New York City Police Department ("NYPD") Officer Joseph

Calabrese.  *Id.*  According to the Government, video surveillance footage captured Defendants

Bailey, Battice, Fremont, Thompson, and Agoro returning to the Flatbush neighborhood of

Brooklyn after engaging in a drive-by shooting.  *Id.*  During the meeting with Officer Calabrese,

the Government learned he had collected the relevant video surveillance footage.  *Id.* at 2.  The

Government claims that during the meeting, Officer Calabrese stated, in sum and substance, that

he remembered collecting the video in part because he recognized some of the individuals from

his work as a Field Intelligence Officer ("FIO") in the 67th Precinct, which includes Flatbush.

*Id.* More specifically, Officer Calabrese worked as an FIO from 2016 to 2017, during which time he became familiar with Defendants Battice, Fremont, and Bailey. *Id.* According to the Government, Officer Calabrese identified each of those Defendants while reviewing the footage. *Id.* The Government moved to admit Officer Calabrese's testimony identifying these three Defendants on the basis that the testimony (1) is admissible under Fed. R. Evid. 801(d)(1)(C) and (2) comports with the requirements of Fed. R. Evid. 701(a). *Id.* at 4.

In response, on September 23, 2022, Defendant Bailey moved for a *Simmons* Hearing, pursuant to *Simmons v. United States*, 390 U.S. 377 (1968), to determine whether the identification was "suggestive" and thus subject to suppression.   Bailey Mot., ECF No. 373; *see also* Bailey Response, ECF No. 418.  Defendant Battice also opposed the Government's motion in limine to admit Officer Calabrese's testimony.  ECF No. 372.

## LEGAL STANDARD

### A.  Hearsay

Hearsay is "an out-of-court 'statement . . . offer[ed] in evidence to prove the truth of the matter asserted" and is not admissible, "barring exceptions provided for by [the Federal Rules of Evidence], other federal rules, or a federal statute." *United States v. Purcell*, 967 F.3d 159, 196 (2d Cir. 2020), *cert. denied*, 142 S. Ct. 121 (2021) (citing Fed. R. Evid. 801(c)).  Rule 801 of the Federal Rules of Evidence excludes from the definition of hearsay a prior statement by a testifying declarant subject to cross-examination "identif[ying] a person as someone the declarant perceived earlier." Fed. R. Evid. 801(d)(1)(C).

A prior identification will be "excluded on constitutional grounds only when it is 'so unnecessarily suggestive and conducive to irreparable mistaken identification that [the defendant] was denied due process of law.'" *United States v. Simmons*, 923 F.2d 934, 950 (2d

Cir. 1991) (citing *United States v. DiTommaso,* 817 F.2d 201, 213 (2d Cir. 1987)). "An identification procedure is 'unduly suggestive' when it 'involve[s] coercive elements employed to elicit a specific identification.'" *United States v. Stephenson*, No. 20-CR-511 (AMD), 2021 WL 4972601, at *4 (E.D.N.Y. Oct. 26, 2021) (Donnelly, J.) (quoting *United States v. Muhanad Mahmoud Al-Farekh*, 956 F.3d 99, 111 (2d Cir. 2020)).

Even if the procedure is unnecessarily suggestive, a court may admit the evidence if there are "sufficient indicia of reliability." *United States v. Bautista*, 23 F.3d 726, 730 (2d Cir. 1994) (quoting *Simmons*, 923 F.2d at 950). In determining whether independent reliability exists, courts consider: "(1) the opportunity of the witness to view the criminal at the time of the crime, (2) the witness' degree of attention, (3) the accuracy of the witness' prior description of the criminal, (4) the level of certainty demonstrated by the witness at the confrontation, and (5) the length of time between the crime and the confrontation." *United States v. Diaz*, 986 F.3d 202, 207 (2d Cir. 2021) (quoting *Neil v. Biggers*, 409 U.S. 188, 199-200 (1972)). "A good or poor rating with respect to any one of these factors will generally not be dispositive, and in each case, the question of independent reliability must be assessed in light of the totality of the circumstances." *Pinckney v. Lee*, No. 10-CV-01312 (KAM), 2020 WL 6136302, at *25 (E.D.N.Y. Oct. 19, 2020) (Matsumoto, J.) (quoting *Raheem v. Kelly*, 257 F.3d 122, 135 (2d Cir. 2001)). However, the *Biggers* factors are typically used when considering the reliability of identification testimony from an eyewitness to the crime, rather than a confirmatory identification of a law enforcement officer based on past interactions with a defendant. *See Stephenson*, 2021 WL 4972601, at *4.

B. Lay Opinion

A lay witness may testify regarding an opinion if the opinion is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. "[W]here the jury is in as good a position as the witness to draw the inference," however, the testimony "is not helpful and should not be admitted." *United States v. Woodford*, No. 18-CR-654 (KAM), 2019 WL 5457854, at *13 (E.D.N.Y. Oct. 23, 2019) (Matsumoto, J.) (citing *United States v. Arroyo*, 600 F. App'x 11, 15 (2d Cir. 2015)).

## DISCUSSION

Officer Calabrese's testimony identifying Defendants Bailey, Battice, and Fremont is properly admissible because it is a reliable identification and an appropriate lay opinion.

A. The Collection of Officer Calabrese's Testimony Was Not Unduly Suggestive

There is no evidence of an unduly suggestive identification process in the collection of Officer Calabrese's testimony. Officer Calabrese worked as an FIO in the Flatbush neighborhood from 2016 to 2017, during which time he gathered intelligence on individuals in the community, including those known or believed to be affiliated with gangs in the area. According to the Government, Officer Calabrese learned of and even met Defendants Bailey, Battice, and Fremont during his time as an FIO. Gov't Mot. at 7. At the time he collected the video surveillance footage in question, Officer Calabrese had not been provided with the names of the Defendants or any information about the case other than reports that two shootings took place at certain locations. *Id.* And yet Officer Calabrese recognized Defendants Bailey, Battice, and Fremont in the video footage without any indication of an improper suggestion by the

Government.  In sum, there is no evidence to suggest the identification process was improperly suggestive.

Even if the collection of the identification testimony had been unduly suggestive, there are "sufficient indicia of reliability" to render the testimony admissible.  As an initial matter, the identification in question was made by someone who was previously familiar with Defendants— as opposed to a victim identifying a perpetrator, for example—and was confirmatory.  Such testimony is independently reliable.  *See Stephenson*, 2021 WL 4972601, at *4 ("[I]t is clear from the parties' submissions that the identification by the defendant's parole officer was confirmatory, and thus, 'independently reliable.'").

Application of the *Biggers* factors also confirms the independent reliability of Officer Calabrese's testimony.  First, Officer Calabrese worked as an FIO throughout 2016 and 2017, providing him with sufficient opportunity to view and even meet Defendants Bailey, Battice, and Fremont.  Contrary to defense counsel's assertion, Officer Calabrese's opportunity to view these Defendants was not "fleeting."  Bailey Mot. at 3.  The officer had ample opportunity to view these Defendants as an FIO and was able to view evidence of the alleged crime on video surveillance footage—with sufficiently clear images of Defendants—during the collection and identification processes.  These opportunities to view Defendants are sufficient for the first *Biggers* factor to weigh in favor of independent reliability.  *See Ortiz v. Artuz*, 113 F. Supp. 2d 327, 337 (E.D.N.Y. 2000) (Gershon, J.), *aff'd*, 36 F. App'x 1 (2d Cir. 2002) (citing cases in support of proposition that a "mere glance" can be sufficient for a reliable identification).  Second, as an FIO, Officer Calabrese investigated gang activity, paying particular attention to suspected gang members, including Defendants Bailey, Battice, and Fremont.  *See Woodford*, 2019 WL 5457854, at *10.  Third, he accurately identified these Defendants when viewing the

video surveillance footage. The fourth factor—the witness's level of certainty—cannot be determined from the briefing, though the Government's motion states he "spontaneously recognized" Defendants Bailey, Battice, and Fremont when viewing the footage. Finally, Defendant Bailey challenges the admissibility of the testimony because of the length of time between the alleged crime and the identification. Bailey Mot. at 2. Officer Calabrese worked as an FIO in 2016 and 2017; the relevant alleged crime occurred on November 7, 2020; Officer Calabrese collected the video surveillance footage on November 23, 2020; and he met with the Government regarding his collection on September 16, 2022. The temporal space between developing his familiarity with the three Defendants and reviewing the footage certainly weighs against a finding of independent reliability. However, considering the totality of the circumstances and all the other *Biggers* factors, the Court finds Officer Calabrese's identification testimony is independently reliable.

> B. <u>Admissibility of Testimony as Lay Opinion</u>

Officer Calabrese's testimony is admissible under Fed. R. Evid. 701 because it is based on personal knowledge and observations of the Defendants and will thus be helpful to the jury. *See Woodford*, 2019 WL 5457854, at *14. As an FIO in the Flatbush neighborhood from 2016 to 2017, Officer Calabrese gathered intelligence on individuals in the community and learned of and met Defendants Bailey, Battice, and Fremont. His identification testimony is therefore "based on factors that the jury [will] not possess, namely [the Officer's] familiarity with [Defendant's] manner of dress, gait, and demeanor." *Arroyo*, 600 F. App'x at 15. In short, his testimony will be helpful to the jury in their deliberations and is thus admissible. To the extent Officer Calabrese testifies at trial, defense counsel will have an opportunity to cross-examine him regarding his identification testimony.

C.  Timeliness Under Rule 16

Defendant Bailey argues the disclosure of Officer Calabrese's testimony was untimely under Fed. R. Crim. P. 16.  Bailey Mot. at 1.  However, Rule 16(a)(2) excludes "statements made by prospective government witnesses" from Rule 16's coverage "because those are governed by § 3500." *United States v. Urena*, 989 F. Supp. 2d 253, 259 (S.D.N.Y. 2013) (Engelmayer, J.). Accordingly, Officer Calabrese's testimony, which is witness testimony, is excluded from Rule 16's coverage.  Moreover, the Government's disclosure of the testimony was not improper because it occurred promptly after the Government learned of its existence on September 16, 2022.

D.  Use of Testimony to Establish Gang Affiliations

Defendant Battice moves to prevent the Government from offering Officer Calabrese's testimony as evidence of Defendants' alleged gang affiliations.  Battice Mot. at 4, ECF No. 372. The Government contends it does not intend to elicit such testimony from Officer Calabrese unless defense counsel opens the door to such testimony on cross-examination.  Gov't Reply at 2-3, ECF No. 396.  Accordingly, the Court denies Defendant Battice's request as moot.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS the Government's motion in limine to admit the identification testimony of Officer Calabrese at ECF No. 356.  Given the admissibility of this testimony, the Court finds that a *Simmons* Hearing on the issue is not necessary at this time.  Accordingly, Defendant Bailey's request for such a hearing, ECF No. 373, is DENIED.

SO ORDERED.

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: October 5, 2022
      Brooklyn, New York